UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA

PLAINTIFF
JAMIE LABRANCHE

-VS-

DEFENDANTS
NESTOR I LLC
DEAN MORRIS, LLC

CASE 18-8399

SECT._____ MAG. SECT. E MAG. 4

NOW INTO COURT, PLAINTIFF JAMIE LABRANCHE FILES FEDERAL DISTRICT COURT COMPLAINT AGAINST DEFENDANTS NESTOR I LLC AND DEAN MORRIS, LLC FOR VIOLATING COUNT (1) 15 U.S.C. 1692 E. FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) AND COUNT (2) 18 U.S.C. & 1962 (B) AND 1964 " RICO STATUE CIVIL REMEDIES". BOTH COUNT 1 AND 2 THE FEDERAL DISTRICT COURT HAS ORIGINAL JURISDICTION. * JURY TRIAL IS REQUESTED. PLAINTIFF ATTACHED A SEPARATE CONCISE STATEMENT ON " STANDING" TO PROCEED. CLEARLY SOMETIMES THESE CASES RECEIVED THE SUDDEN DEATH TREATMENT, ON A MOTION TO DISMISS BY DEFENDANTS, PLAINTIFF SUPPLIES THIS CONCISE STATEMENT TO DEFEND SUCH ATTACKS.

ITS IMPORTANT TO NOTE, PLAINTIFF ATTRIBUTES HIS INJURIES TO IMPROPER FORECLOSURE LITIGATION, CLEARLY DEFENDANTS NESTOR I LLC THROUGH DEAN MORRIS, LLC FILED A FORECLOSURE ACTION AGAINST LABRANCHE DESPITE ITS LACK OF INTEREST IN MORTGAGE. SEE ATTACHED "STANDING TO PROCEED" IT GOES INTO

(1)

DETAIL ON COUNT (1) FDCPA 15 U.S.C. 1692 E.

UNDER COUNT (2) PLAINTIFF ATTRIBUTES HIS INJURIES TO SECT. (B) OF 18 U.S.C. 1962 CIVIL RICO STATUE, THROUGH THE COLLECTION OF AN UNLAWFUL DEBT, LABRANCHE SHALL RECOVER THREEFOLD THE DAMAGES HE SUSTAINS. SEE ATTACHED STANDING TO PROCEED.

THE ( FDCPA ) PLAINTIFF IS CHALLENGING THE COLLECTION PRACTICES OF THE CREDITOR, THE (FDCPA) CLAIM IS " INDEPENDENT" FROM THE STATE COURT ACTION AND FEDERAL COURT HAS SUBJECT MATTER JURISDICTION OVER THE (FDCPA) CLAIM. THE RICO STATUE IS ALSO " INDEPENDENT" FROM STATE CLAIM, WITH ORIGINAL SUBJECT MATTER JURISDICTION.

BRIEF HISTORY ON STATE COURT ACTION, THE DEFENDANTS NESTOR I LLC
AND DEAN MORRIS, LLC DECIDES TO REOPEN STATE CASE 54549 CLEARLY AFTER THE 10 YEAR PRESCRIPTION EXPIRES UNDER LOUISIANA CIVIL CODE
TITLE XXIV ART. 3501 SECT. (4) AND FEDERAL PRESCRIPTION EXPIRED UNDER THE (FDCPA) 15 U.S.C. 1692 E. DEFENDANTS FAILED TO REVIVED CASE UNDER LA. CODE CIV PRO 2031 AND TIME HAS LONG EXPIRED TO DO SO.
IN EARLY 2016 THE FINAL STATE JUDGMENT WAS QUARSH IN PLAINTIFF LABRANCHE FAVOR, DEFENDANTS FAILED TO APPEAL, CASE REMAINED CLOSE. SUDDENLY DEFENDANTS DECIDES TO RE-OPEN CASE TAKING

THAT

11 PLUS YEAR OLD CASE AND " RESTARTING THE CLOCK" ON 1-22-2018 IN A REFORMED RESURRECTED JUDGMENT, "SEE MEMORANDUM IN SUPPORT"

BY THE DEFENDANTS RESTARTING CASE WITH PRESCRIPTION EXPIRED, IT GAVE PLAINTIFF LABRANCHE A OPPORTUNITY TO FILE A TIMELY (FDCPA) AND CIVIL RICO CIVIL STATUE CLAIMS BECAUSE DEFENDANTS MISLED THE STATE TRIAL COURT WITH THE VERY SAME COUNTERFEIT DOCUMENTS THEY USED FOR STANDING IN THE PAST. SEE EXHIBITS 3, 3, 5. CLEARLY DEAN MORRIS, LLC FRAUDULENTLY MISREPRESENTED NESTOR I LLC INTEREST IN THE REFORMED SUIT. PLAINTIFF LABRANCHE INCURRED DAMAGES WHEN HE WAS COMPELLED TO DEFEND HIS INTEREST.

ON TOP OF ALL THE FRAUD AND ILL PRACTICE DEFENDANTS COMMITTED, "SEE STANDING TO PROCEED" THEY CLEARLY AND CONCISELY VIOLATED A ON - POINT PRECEDENT OF THE UNITED STATES SUPREME COURT RULING

( SEE EXHIBITS 2, 2, 2   E.G. JESINOSKI V. COUNTRYWIDE HOME LOANS INC. 135 S. CT. 790, 190L. ED. 20 650 (2015) CLEARLY LABRANCHE RESCENDED LOAN SEE EXHIBITS 1.

WE PRAY FOR A JURY TRIAL AS REQUESTED, AND OUR DAY IN COURT TO OBTAIN JUSTICE BEHIND THE DEFENDANTS FRAUD AND ILL PRACTICE BEEN GOING ON FOR OVER A DECADE.

(3)

RESPECTFULLY SUBMITTED,

_____
JAMIE LABRANCHE
2173 CARMEL VALLEY DRIVE
LAPLACE, LA. 70068
504-559-9586

(4)

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA

PLAINTIFF
JAMIE LABRANCHE

-VS-

DEFENDANTS          SECT._____ MAG **SECT. E MAG. 4**
NESTOR I LLC
DEAN MORRIS,LLC

18-8399

## STANDING TO PROCEED

NOW INTO COURT PLAINTIFF JAMIE LABRANCHE ADDRESSES STANDING TO PROCEED. THE COMPLAINT IS TIMELY WITHIN ONE YEAR OF ACTION, REFORMED JUDGMENT ON 1-22-2018.

( COUNT 1) TRUTH IN LENDING ACT, FAIR DEBT COLLECTION ACT (FDCPA) 15 U.S.C. 1692 E.

STANDING, ARTICLE III OF US CONSTITUTION LIMIT'S THE POWER OF FEDERAL JUDICIARY TO THE ADJUDICATION OF CERTAIN CASES AND CONTROVERSIES. U.S. CONST. ART III & 2, CL. 1. FROM THIS TEXTUAL LIMITATION AND THE SEPARATION OF POWERS, PRICIPLES UNDERLYING THAT LIMITATION, THE FEDERAL COURTS HAVE DEDUCED A SET OF REQUIREMENTS THAT TOGETHER MAKE UP THE IRREDUCIBLE CONSTITUTION MINIMUM OF STANDING. LEXMARK INT'L V. STATIC CONTROL COMPONENTS INC, 134 S. CT. 1377,1386-88 (2014) ( QUOTING LUJAN V. DEFENDERS OF WILDLIFE, 504, U.S. 555, 560, 1992). THREE COMPONENTS COMPRISE THIS IRREDUCIBLE CONSTITUTIONAL

(5)

MINIMUM. 1) THE PLAINTIFF MUST HAVE SUFFERED AN INJURY IN FACT. 2) THAT INJURY MUST BE FAIRLY TRACEABLE TO DEFENDANT CHALLENGED CONDUCT AND 3) IT MUST BE LIKELY THAT PLAINTIFF INJURY WOULD BE REDRESSED BY REQUESTED RELIEF. TO DETERMINE WHETHER LABRANCHE HAD ARTICLE III STANDING, WE FOCUS ON WHETHER LABRANCHE SUSTAINED AN INJURY THAT WAS TRACEABLE TO DEFENDANTS CONDUCT- THE FIRST TWO OF THE THREE CORE COMPONENTS. THIS OFTEN TURNS ON THE NATURE AND SOURCE OF CLAIM ASSERTED, RAINES, 521 U.S. AT 818-19 INTERNAL QUOTES OMITTED. LABRANCHE CLEARLY COMPLIES HERE. THE SOURCE OF INJURY ALLEGED IN LABRANCHE COMPLAINT DOES NOT ATTRIBUTE HIS INJURIES TO THE FALSE ROBO-SIGNED ASSIGNMENT OF HIS MORTGAGE, FORGED SIGNATURES PLUS (SEE EXPERT AFFIDAVIT 5) ON MORTGAGE NOTES. CLEARLY LABRANCHE ATTRIBUTES HIS INJURIES TO IMPROPER FORECLOSURE LITIGATION. CLEARLY DEFENDANTS, NESTOR I LLC THROUGH DEAN MORRIS LLC FILED A FORECLOSURE ACTION AGAINST LABRANCHE DESPITE ITS LACK OF INTEREST IN THE MORTGAGE; THE DEFENDANTS MISLED THE STATE TRIAL COURT BY FRAUDULENTLY MISREPRESENTING NESTOR I LLC INTEREST IN THE SUIT, LABRANCHE CLEARLY INCURRED DAMAGES WHEN HE WAS COMPELLED TO DEFEND HIS INTEREST. NESTOR I LLC HAD NO RIGHT TO FILE THE FORECLOSURE ACTION AND MISLED COURT WITH FRAUDULENT DOCUMENTS, IN DOING

SO VIOLATED A MANATORY PRESIDENT OF THE UNITED STATES SUPREME COURT( SEE EXHIBIT 2 ).

LABRANCHE SUIT TO RECOVER DAMAGES CAUSED BY NESTOR I LLC LAWSUIT SATISFIES EACH OF THE THREE COMPONENTS OF ARTICLE III STANDING, THAT IS ALL REQUIRED FOR COUNT 1 WHICH ALLEGED A VIOLATION OF THE (FDCPA) A FEDERAL STATUTE. SEE HOLLINGWORTH V. PERRY, 133S. CT. 2652 266 (2013) STATING THAT STANDING IN A FEDERAL COURT IS A QUESTION OF FEDERAL LAW, NOT STATE LAW, SEE COYNE V. AM TOBACCO CO, 183 F.3D 488,495 (1999 LABRANCHE HAS ESTABLISHED STANDING TO SEEK RELIEF UNDER (FDCPA). THE FDCPA PLAINTIFF IS CHALLENGING THE COLLECTION PRACTICES OF CREDITOR, THE FDCPA CLAIM IS INDEPENDENT FROM THE STATE COURT ACTION AND THE FEDERAL COURT HAS SUBJECT MATTER JURIDICTION OVER THE FDCPA CLAIM.

( COUNT 2 ) 18 U.S.C. & 1962 (B) 18 U.S.C. & 1964 CIVIL REMEDIES

U.S. COURTS HAS FULL JURISDICTION,TIMELY FILED CLEARLY DEFENDANTS

VIOLATED SECT. (B) OF 1962 THROUGH COLLECTION OF AN

UNLAWFUL DEBT. FURTHER ANY PERSON INJURED IN HIS

BUSINESS OR PROPERTY BY REASON OF VIOLATION OF SECT.

1962 IN U.S. DISTRICT COURT AND SHALL RECOVER THREEFOLD

THE DAMAGES HE SUSTAINS AND COST OF SUIT. DEAN MORRIS,

LLC DIRECTED ONE OF ITS PARALEGALS TO FRAUDULENTLY PURCHASE

ROBO- SIGNED MORTGAGE ASSIGNMENTS AND THEN USED THE

ASSIGNMENTS TO FORECLOSED ON MY HOME AND OTHERS. SEE

EXHIBIT 3   TAMARA PRICE ROBO- SIGNER ON MY MORTGAGE

ASSIGNMENT, THAT FIRM USED IN A FEDERAL COURT FOR STANDING.

CASE 09-11391. THE FIRM EVEN HAD THE GULL TO USED TAMARA PRICE

ROBO-SIGNED MORTGAGE ASSIGNMENT FOR STANDING AFTER SHE

GOT BUSTED AND GAVE A FULL DEPOSITION ON 4-21-2008. MS. PRICE

ACKNOWLEDGES THAT SHE HAS NOT REVIEWED ANY BOOKS OR RECORDS

AS STATED IN HER AFFIDAVIT. T 15-17. HER SIGNATURE IS NOTARIZED

OUTSIDE OF HER PRESENCE, THE NOTARY DOES NOT OBSERVE HER SIGN.

T 19-20. MS. PRICE NEVER SAW THE NOTE OR MORTGAGE OR LOAN

HISTORY REFERED TO IN HER AFFIDAVIT. T-32, THE FIGURES AND

STATEMENTS ARE PREPARED BY ATTORNEYS FOR HER TO SIGN AND

JUST ACCEPTS THEM. T-35 MS. PRICE DOES NOT KNOW ANYTHING ABOUT THE BONA FIDES OF THE CHARGES.

(8)

DEAN MORRIS LLC SIMPLY CREATED AND OR PURCHASE DOCUMENTS PURPORTED TO BE " CERTIFICATIONS", PRE-SIGNED FORMS WERE KEPT ON FILE BY COUNSEL AND SIMPLY, IN CASE AFTER CASE, ATTACHED TO THE BODY OF DATA-LADEN MORTGAGE DEFAULT ACCOUNTINGS, THE COMPOSITE BEING FILED WITH THE COURT AS IF THEY WERE CERTIFICATIONS.

DEAN MORRIS LLC HAS SENTIENTLY SET IN MOTION THE UNCONSCIONABLE SCHEME,

CALCULATED TO INTERFERE WITH THE JUDICIAL SYSTEMS ABILITY TO IMPARTIALLY TO ADJUDICATE A MATTER BY IMPROPERLY INFLUENCING THE TRIER OF FACT AND CLEARLY UNFAIRLY HAMPERING THE PRESENTATION OF LABRANCHE CLAIM AND DEFENSE. WITH THE REFORMED JUDGMENT DEAN MORRIS LLC IS CURRENTLY ALSO USING A COUNTERFEIT MORTGAGE NOTE AS STANDING ALONG WITH ROBO-SIGNED ASSIGNMENTS BY TAMARA PRICE, SEE EXHIBIT

3, 3, 5 EXPERT WITNESS AFFIDAVIT.

MEMORANDUM IN SUPPORT

NOW INTO COURT, PLAINTIFF JAMIE LABRANCHE EXPLAINS HOW STATE COURT ALLOWED DEFENDANTS TO RE-OPEN A TIME BARRED CASE, WITH PRESCRIPTION EXPIRED VIOLATING BOTH LOUISIANA CIVIL CODE TITLE XXIV ART. 3501 SECT. (4) AND 15 USC 1692 E. (FDCPA) THIS IS FOR CASE HISTORY PURPOSE, CLEARLY PLAINTIFF IN FEDERAL COURT ATTRIBUTES HIS INJURIES TO IMPROPER FORECLOSURE LITIGATION UNDER 15 USC 1692 E. AND THROUGH THE COLLECTION OF AN UNLAWFUL DEBT. UNDER 18 USC 1962 (B) 1964 RICO STATUE CIVIL. THESE ABOVE STATUES WAS VIOLATED BY DEFENDANTS RE-OPENING AND OBTAINING A ILLEGAL RESURRECTED REFORMED JUDGMENT ON 1-22-2018 IN STATE COURT.

ITS VERY IMPORTANT FOR FEDERAL COURT TO UNDERSTAND, LABRANCHE

THE (FDCPA) PLAINTIFF IS CHALLENGING THE COLLECTION PRACTICES OF CREDITOR. THE (FDCPA) CLAIM IS " INDEPENDENT" FROM STATE COURT ACTION, SAME WITH RICO STATUE CLAIM, THE FEDERAL COURT HAS SUBJECT MATTER JURISDICTION OVER BOTH CLAIMS.

(10)

( I. )

THIS COURT DOES NOT HAVE AUTHORITY TO AMEND OR REFORM A JUDGMENT WHICH WAS NOT RENDERED IN THIS COURT, " MEANING JUDGE JASMINE DIVISION " A ". THE ORIGINAL ORDER ON MOTION FOR SUMMARY JUDGMENT RENDERED AND SIGNED BY RETIRED JUDGE BECNEL ON JULY 18, 2013 WAS RENDERED IN DIVISION " B ". DIVISION "A" JUDGE JASMINE RENDERED THE JUDGMENT QUASHING THE WRIT OF SEIZURE AND SALE, NOT THE ORIGINAL ORDER ON THE MOTION FOR SUMMARY JUDGMENT.

* NOTE: DIVISION "A" JUDGE JASMINE DOES NOT HAVE APPELLATE JURISDICTION OVER DIVISION "B" AND THEREFORE, ANY AMENDMENT OR REFORMATION OF ANY JUDGMENT RENDERED IN DIVISION"B" FINAL OR OTHERWISE, IS IMPROPER AND SHOULD BE REVERSED.

( II. )

THE ORDER ON THE MOTION FOR SUMMARY JUDGMENT, RENDERED AND SIGNED BY RETIRED JUDGE BECNEL ON 7-18-2013 PERTAINED TO A MATTER BETWEEN MID PAC PORTFOLIO, LLC AND LABRANCHE. THE PLAINTIFF, NESTOR I. LLC, SOUGHT TO AMEND THE JUDGMENT WHICH WAS RENDERED IN FAVOR OF A COMPLETELY DIFFERENT PARTY, FINAL OR NOT THERE IS NO PRECEDENT OR AUTHORITY FOR THIS COURT TO ALLOW NESTOR LLC TO STEP INTO THE SHOES OF MID PAC PORTFOLIO.

THE WRIT OF SEIZURE AND SALE SOUGHT THE EXACT SAME RELIEF THAT PLAINTIFF REQUESTED IN ITS MOTION TO AMEND. THIS COURT JUDGE JASMINE DIVISION "A" ISSUED A FINAL JUDGMENT ON 4-25-2016, QUASHING THE WRIT OF SEIZURE AND SALE, AND THEREBY DENYING PLAINTIFFS THE RELIEF SOUGHT BY THE WRIT OF SEIZURE AND SALE. PLAINTIFFS FAILED TO APPLY FOR NEW TRIAL AND FAILED TO APPEAL THIS COURT 4-25-2016 FINAL JUDGMENT, DENYING THE PLAINTIFFS THE RELIEF REQUESTED. BECAUSE THIS COURT HAS ALREADY ISSUED A FINAL JUDGMENT AS TO THE SPECIFIC RELIEF, E.G., MONETARY DAMAGES, AMOUNTS OWED, FEES AND COSTS, WHEN IT QUASHED THE WRIT OF SEIZURE OF SALE, THIS COURT JUDGE JASMINE IS CLEARLY WITHOUT JURISDICTION AND SHALL NOT AMEND OR REFORM THE EARLIER JUDGMENT, RENDERED BY DIVISION "B" RETIRED JUDGE BECNEL. BECAUSE SUCH AN AMENDMENT WOULD GRANT THE EXACT SAME RELIEF WHICH WAS ALREADY DENIED BY THIS COURT IN A FINAL JUDGMENT.

CLEARLY WHEN THE DEFENDANTS RE-OPEN CASE TO REFORM JUDGMENT THEY CONCEALED FACTS WITH FRAUD AND ILL PRACTICE, UNDER LA CODE CIV PRO 2004. THE DEFENDANTS REFORMED JUDGMENT WAS SECURED THROUGH THE USE OF FRAUDULENT FORGED DOCUMENTS UNDER LA CODE PRO ART 607 (1870) FRAUD AND ILL PRACTICE PREVENTED LABRANCHE IN REFORMED JUDGMENT FROM OBTAINING THE BENEFITS OF HIS DEFENSE. THE CIRCUMSTANCES UNDER WHICH JUDGMENT WAS RENDERED SHOW THE DEPRIVATION OF LEGAL RIGHTS OF LABRANCHE SEEKING RELIEF, THE FEDERAL COURT NEEDED TO UNDERSTAND HOW WE ARRIVED HERE, CLEARLY THE REFORMED JUDGMENT WHICH OUGHT NOT, IN EQUITY AND GOOD CONSCIENCE BE ENFORCED, THE ENFORCEMENT OF REFORMED JUDGMENT WOULD BE UN CONSCIONABLE AND INEQUITABLE. "SEE STANDING TO PROCEED" WHERE IT EXPLAINS FEDERAL COURT CLAIMS.

RESPECTFULLY SUBMITTED,

_____
JAMIE LABRANCHE
2173 CARMEL VALLEY DRIVE
LAPLACE, LA. 70068
504-559-9586

(13)

# CERTIFICATE OF SERVICE

I HEREBY CERTIFIED I SERVED DEFENDANTS WITH THE COMPLAINT

U.S. CERTIFIED MAIL WITH SIGNATURE TO THE FOLLOWING,

DEFENDANTS = 1) NESTOR I LLC        (REG. AGENT)
                CORPORATION TRUST CENTER
                1209 ORANGE ST.
                WILMINGTON DE 19801

2) DEAN MORRIS , LLC
   1505 N. 19TH STREET
   MONROE, LA. 71207-2867

JAMIE LABRANCHE

_____ 9-5-2018

(14)

## STATEMENT OF CLAIM /DEMAND

PLAINTIFF JAMIE LABRANCHE IS ALLEGING CONDUCT IN HIS COMPLAINT THAT DOES AMOUNT TO VIOLATION OF LAW, LABRANCHE LISTED ALL THE ELEMENTS OF PROOF FOR THE VIOLATION IN COMPLAINT. CLEARLY A MEASURABLE INJURY HAS BEEN INDICATED BELOW, LABRANCHE SUFFERED PERSONNEL AND FINANCIAL INJURIES WITH LOST PROPERTY, UNDER 18 USC & 1962 (B) AND 1964 ALLOWS FOR THREE FOLD THE DAMAGES, VALUE OF HOUSE IS $ 200,000 TIMES THREE FOLD =$600,000. MY PERSONNEL CREDIT HAS BEEN DAMAGE BEYOND REPAIR FOR 11 YEARS AND COUNTING BY DEFENDANTS. VALUE $ 150,000 TIMES THREE FOLD = $ 450,000 WITH A GRAND TOTAL OF 1 MILLION FIFTY THOUSAND DOLLARS PLUS COST, INTEREST AND WHAT EVER ELSE COURT AND OR JURY DEEM FIT. SEE "STANDING TO PROCEED" FOR VIOLATION OF LAWS.

## JURISDICTION

THE FEDERAL DISTRICT COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION OVER COUNT (1) 15 U.S.C. 1692 E. (FDCPA) AND COUNT (2) 18 U.S.C. & 1962 (B) RICO STATUE CIVIL. DEFENDANT NESTOR I LLC IS A OUT OF STATE COMPANY AND CLAIM IS OVER $ 75,000.

CERTIFICATE OF INTERESTED PARTIES

PLAINTIFF = JAMIE LABRANCHE
2173 CARMEL VALLEY DRIVE
LAPLACE, LA. 70068

---

DEFENDANTS = 1) NESTOR I LLC    (REG. AGENT)
1209 ORANGE ST.
WILMINGTON DE 19801

PRINCIPAL PLACE OF BUSINESS
ULAKADEMIKA ILUSHINA HOUSE # 4/2 KV 123
125319
MOSCOW    RUSSIAN FEDERATION

2) DEAN MORRIS, LLC
1505 N. 19TH STREET
MONROE, LA. 71207-2867