UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| JAMIE LABRANCHE, | CIVIL DOCKET |
| Plaintiff | |
| VERSUS | NO. 18-8399 |
| NESTOR I, LLC, ET AL., | SECTION: "E" |
| Defendants | |

## ORDER AND REASONS

Before the Court is a filing by Plaintiff Jamie LaBranche, titled "Ordered Amended Complaint,"[1] requesting that the Court reconsider its Order and Reasons of April 29, 2019,[2] and alternatively requesting that the Court permit Plaintiff to file his Amended Complaint under seal.[3] For the following reasons, the Court construes the filing as a motion to reconsider under Rule 59(e) of the Federal Rules of Civil Procedure and, in the alternative, a motion to file Plaintiff's Amended Complaint under seal. The Court **DENIES** both motions.

## BACKGROUND

This case arises out of state court foreclosure proceedings filed against Jamie and Kim LaBranche.[4] Defendant Nestor I, LLC ("Nestor") was a plaintiff in the state foreclosure proceeding.[5] John Clyde Morris, IV, of Dean Morris was Nestor's counsel of record in the state court proceeding as of October 17, 2011.[6]

On September 5, 2015, LaBranche filed a complaint[7] against Nestor and Dean Morris, LLC ("Dean Morris") alleging violations of the Racketeer Influenced and Corrupt

---

[1] R. Doc. 33.
[2] R. Doc. 32.
[3] R. Doc. 33 at 6.
[4] The procedural history of the state foreclosure action is laid out in the Court's Order and Reasons of April 29, 2019. R. Doc. 32 at 1–2.
[5] R. Doc. 18-8.
[6] R. Doc. 18-3.
[7] R. Doc. 1.

1

Organizations Act ("RICO")[8] and the Fair Debt Collection Practices Act ("FDCPA")[9] in connection with the state foreclosure proceedings. On November 2, 2018, Nestor and Dean Morris filed motions to dismiss both causes of action against them.[10] They argued, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, that this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, under which federal courts lack jurisdiction to review final state court judgments.[11] They also argued, under Rule 12(b)(6), that LaBranche failed to state a claim under the FDCPA or RICO.[12] LaBranche opposed.[13]

On April 29, 2019, the Court ruled on the motions to dismiss filed by Nestor and Dean Morris.[14] The Court took judicial notice of the state court proceedings.[15] With respect to Defendants' arguments under Rule 12(b)(1), the Court found that, to the extent Plaintiff seeks to undo the state foreclosure, the Court lacked jurisdiction over his claims under the *Rooker-Feldman* doctrine.[16] However, the Court found LaBranche brings independent claims under the FDCPA and RICO.[17] With respect to Defendants' arguments under Rule 12(b)(6), The Court found LaBranche failed to state a claim under the FDCPA or RICO.[18] The Court granted Plaintiff leave to amend his FDCPA claim against Dean Morris and his RICO claims against Nestor and Dean Morris.[19] However, because the Fifth Circuit has held that "mortgage companies collecting debts are not 'debt

---

[8] 18 U.S.C. § 1962(b).
[9] 15 U.S.C. § 1692.
[10] R. Docs. 18, 19.
[11] R. Doc. 18-1 at 8–10; R. Doc. 19-1 at 10–13.
[12] R. Doc. 18-1 at 10–12; R. Doc. 19-1 at 8–10.
[13] R. Docs. 24, 25.
[14] R. Doc. 32.
[15] *Id.* at 1.
[16] *Id.* at 5–8.
[17] *Id.* at 7–8.
[18] *Id.* at 8–12.
[19] *Id.* at 12–13.

collectors'" for purposes of the FDCPA,[20] the Court did not permit LaBranche to amend his FDCPA claim against Nestor.[21] The Court ordered that Plaintiff file his amended complaint by May 10, 2019.[22]

On May 7, 2019, LaBranche filed the instant document, which he entitled "Ordered Amended Complaint."[23] He requests reconsideration of the Court's order of April 29, 2019[24] and argues[25] the Court erred by taking judicial notice of the pleadings from the state court foreclosure proceedings, which were attached to Dean Morris' motion to dismiss.[26] If the Court does not grant reconsideration, LaBranche seeks to file the amended complaint under seal.[27] The Court construes LaBranche's filing as a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or, in the alternative, a motion to file his amended complaint under seal.

## **LEGAL STANDARD**

A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure[28] "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and

---

[20] *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned").
[21] R. Doc. 32 at 12.
[22] *Id.* at 13.
[23] R. Doc. 33.
[24] R. Doc. 32.
[25] R. Doc. 33 at 1–3.
[26] R. Docs. 18-2, 18-3, 18-4, 18-5, 18-6, 18-7, 18-8, 18-9, 18-10.
[27] R. Doc. 33 at 6.
[28] Although the Federal Rules of Criminal Procedure do not contemplate motions for reconsideration, "[a] motion for reconsideration in a criminal proceeding is a legitimate procedural device." *United States v. Thompson*, 79 F. App'x 22, 23 (5th Cir. 2003) (citing *United States v. Cook*, 670 F.2d 46, 48 (5th Cir.1982)). For such motions, courts have applied the same legal standard for motions for reconsideration in civil cases. *See, e.g.*, *United States v. Staggers*, No. CR 16-36, 2018 WL 4909912, at *8 (E.D. La. Oct. 10, 2018); *United States v. Perez*, No. 04-CV-3958, 2010 WL 2766860, at *2 (E.D. Pa. July 9, 2010) ("Absent specific guidance under the criminal procedural rules, the Court looks to the jurisprudence of Federal Rule of Civil Procedure 59(e) in considering [the defendant]'s motion.").

should, have been made before the judgment issued."²⁹ A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"³⁰ "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."³¹ "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."³²

In deciding motions under the Rule 59(e) standard, the courts in this district have considered the following factors:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
(2) whether the movant presents new evidence;
(3) whether the motion is necessary in order to prevent manifest injustice; and
(4) whether the motion is justified by an intervening change in the controlling law.³³

## **ANALYSIS**

LaBranche does not present new evidence or point to an intervening change in the controlling law since the Court's order of April 29, 2019.³⁴ The Court considers whether he has demonstrated reconsideration is necessary to correct a manifest error of law or fact or to prevent manifest injustice.

---

²⁹ *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir.2003) (citations omitted) (internal quotation marks omitted).
³⁰ *Lacoste v. Pilgrim Int'l*, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (Vance, J.) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).
³¹ *Templet,* 367 F.3d at 479.
³² *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012) (Brown, J.).
³³ *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. CIV.A. 09-4369 R, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.). The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot*, 2012 WL 711842, at *2.
³⁴ R. Doc. 32.

## I. LaBranche has not shown a manifest error of law or fact in the Court's Order and Reasons of April 29, 2019.

The only error LaBranche argues[35] the Court made in its Order and Reasons of April 29, 2019 is that the Court erroneously took judicial notice of the pleadings in the state court foreclosure proceedings attached to Dean Morris' motion to dismiss. LaBranche argues the Court effectively converted the motion to a summary judgment motion without granting him the opportunity to present summary-judgment evidence.[36] The Court considers whether the Court's taking judicial notice was a manifest error of law on which the Court's Order and Reasons of April 29, 2019 was based.

The Supreme Court has explained that, in considering Rule 12(b)(6) motions, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and *matters of which a court may take judicial notice*."[37] Under Rule 201 of the Federal Rules of Evidence, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[38] Moreover, "[t]he court may take judicial notice on its own."[39]

In its Order and Reasons of April 29, 2019, the Court stated, "Because the state court proceedings are a matter of public record, the Court takes judicial notice of these documents."[40] The Court explained:

> 'In general, a court may only look to the complaint, any documents attached to the complaint, and any documents

---

[35] R. Doc. 33 at 1–3.
[36] *Id.*
[37] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir.2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").
[38] FED. R. EVID. 201(b)(2).
[39] FED. R. EVID. 201(c)(1).
[40] R. Doc. 32 at 1.

5

> attached to the motion to dismiss that are central to the claim and referenced by the complaint when reviewing a 12(b)(6) motion to dismiss.' The court may also take notice of matters of public record. Here, the documents referenced are pleadings filed with and judgments rendered in a Louisiana state district court, which are a matter of public record.[41]

The Court cited *Funk v. Stryker Corp.*, in which the Fifth Circuit affirmed a district court's use of judicial notice in ruling on a motion to dismiss under Rule 12(b)(6).[42] In *Funk*, the district court took judicial notice of "publicly-available documents and transcripts produced by the FDA, which were matters of public record directly relevant to the issue at hand."[43] The Fifth Circuit found this was an appropriate use of judicial notice and explicitly rejected plaintiff-appellant's argument that the district court erred by converting the motion to dismiss to a summary judgment motion. Similarly, in this case, the Court took judicial notice of publicly available court records that were directly relevant to the Court's ruling without converting the motion to dismiss to a summary judgment motion. The Court finds its taking judicial notice of court records was appropriate and not erroneous.

## II. LaBranche has not shown reconsideration is necessary to prevent manifest injustice.

LaBranche argues his due process rights were violated when the Court, in its Order and Reasons of May 29, 2019, considered court records from the state court foreclosure proceeding without allowing Plaintiff to file a "summary judgment pleading."[44] The Court already has found taking judicial notice was appropriate.

---

[41] *Id.* at 1 n.5 (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) and citing *Funk v. Stryker Corp.*, 631 F.3d 777 (5th Cir. 2011); *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994)).
[42] 631 F.3d at 782–83.
[43] *Id.* at 783.
[44] R. Doc. 33 at 1.

In any event, Plaintiff was not prejudiced by the Court's taking judicial notice of the state court documents. The Court used the documents only when considering whether Plaintiff's claims were barred under the *Rooker-Feldman* doctrine.[45] Ultimately, the Court determined Plaintiff's claims were not barred.[46] The Court did not rely on the state court records to determine whether Plaintiff stated a claim under the FDCPA or under RICO.[47] Furthermore, rather than dismissing Plaintiff's claims, the Court granted Plaintiff an opportunity to cure the defects in his Complaint.[48] The Court finds its Order and Reasons of May 29, 2019 did not result in manifest injustice.

### III. The Court denies LaBranche's motion to file his amended complaint under seal.

LaBranche argues he should be allowed to present evidence "under seal to protect case."[49] He does not specify why he should be allowed to file his amended complaint under seal.

"Courts have recognized that the public has a common law right to inspect and copy judicial records," but that right "is not absolute."[50] Courts have "supervisory power over [their] own records and files."[51] "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure."[52]

For a motion to seal, Local Rule 5.6(B) requires a movant to state:

> (1) A non-confidential description of what is to be sealed (e.g., medical records);
> (2) A statement as to why sealing is necessary;

---

[45] R. Doc. 32 at 5–8.
[46] *Id.*
[47] *Id.* at 8–12.
[48] *Id.* at 12–13.
[49] R. Doc. 33 at 4 (capitalization removed).
[50] *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir.1981)).
[51] *Id.*
[52] *Id.*

7

(3) Reference to governing case law; and
(4) A statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon sealing.[53]

LaBranche has not complied with these requirements. In light of the public's right to inspect judicial records, the Court denies LaBranche's request to file his amended complaint under seal.

## **CONCLUSIONS**

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's "Ordered Amended Complaint"[54] be construed as a motion for reconsideration of the Court's Order and Reasons of April 29, 2019,[55] and, in the alternative, a motion to file an amended complaint under seal.[56]

**IT IS FURTHER ORDERED** that the motion for reconsideration be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to file an amended complaint under seal be and hereby is **DENIED**.

**IT IS FURTHER ORDERED THAT** Plaintiff Jamie LaBranche is granted leave to file an amended complaint **by no later than Friday, May 17, 2019**. In his amended complaint, he must allege specific facts[57] in support of (1) each element of his FDCPA claim against Dean Morris, LLC and (2) each element of his RICO claims against Dean Morris, LLC, and Nestor I, LLC alleging Defendants engaged in a pattern of racketeering activity, as explained in the Court's Order and Reasons of April 29, 2019.[58]

---

[53] L.R. 5.6(B).
[54] R. Doc. 33.
[55] R. Doc. 32.
[56] R. Doc. 33 at 6.
[57] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient. *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[58] R. Doc. 32.

**IT IS FURTHER ORDERED THAT**, if Plaintiff files an amended complaint in accordance with this order, Defendants' motions to dismiss[59] will be denied as moot without prejudice. If Plaintiff does not file an amended complaint in accordance with this order, Defendants' motion to dismiss will be granted with prejudice.

**New Orleans, Louisiana, this 10th day of May, 2019.**

*[Signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[59] R. Docs. 18, 19.