# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMIE LABRANCHE,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-8399** |
| **NESTOR I LLC, ET AL.,**<br>    **Defendants** | **SECTION "E" (4)** |

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration filed by *pro se* Plaintiff Jamie LaBranche.[1] For the following reasons, the order is **DENIED**.

## BACKGROUND

This case arises out of state court foreclosure proceedings filed against Jamie and Kim LaBranche.[2] Defendant Nestor I, LLC ("Nestor") was a plaintiff in the state foreclosure proceeding.[3] John Clyde Morris, IV, of Dean Morris, LLC ("Dean Morris") was Nestor's counsel of record in the state court proceeding as of October 17, 2011.[4]

On September 5, 2015, Plaintiff filed a complaint[5] in this Court against Nestor and Dean Morris, LLC alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO")[6] and the Fair Debt Collection Practices Act ("FDCPA")[7] in connection with the state foreclosure proceedings. On November 2, 2018, Nestor and Dean Morris filed motions to dismiss both causes of action against them.[8] They argued,

---

[1] R. Doc. 53.
[2] The procedural history of the state foreclosure action is laid out in the Court's Order and Reasons of April 29, 2019. R. Doc. 32 at 1–2.
[3] R. Doc. 18-8.
[4] R. Doc. 18-3.
[5] R. Doc. 1.
[6] 18 U.S.C. § 1962(b).
[7] 15 U.S.C. § 1692.
[8] R. Docs. 18, 19.

1

pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, which states federal courts lack jurisdiction to review final state court judgments.[9] They also argued under Rule 12(b)(6) Plaintiff failed to state a claim pursuant to the FDCPA or RICO.[10] Plaintiff opposed.[11]

On April 29, 2019, the Court ruled on the motions to dismiss filed by Nestor and Dean Morris.[12] The Court found Plaintiff failed to state a claim under the FDCPA or RICO.[13] The Court granted Plaintiff leave to amend his FDCPA claim against Dean Morris and his RICO claims against Nestor and Dean Morris.[14] However, because the Fifth Circuit has held "mortgage companies collecting debts are not 'debt collectors'" for purposes of the FDCPA,[15] the Court did not permit Plaintiff to amend his FDCPA claim against Nestor.[16] The Court ordered Plaintiff to file his amended complaint by May 10, 2019.[17]

On May 7, 2019, Plaintiff filed a document, entitled "Ordered Amended Complaint,"[18] requesting reconsideration of the Court's Order and Reasons of April 29, 2019.[19] He also requested he be permitted to file the amended complaint under seal.[20] On May 10, 2019, the Court issued an Order and Reasons construing the filing as a motion for reconsideration or, in the alternative, a motion to file the amended complaint under

---

[9] R. Doc. 18-1 at 8–10; R. Doc. 19-1 at 10–13.
[10] R. Doc. 18-1 at 10–12; R. Doc. 19-1 at 8–10.
[11] R. Docs. 24, 25.
[12] R. Doc. 32.
[13] *Id.* at 8–12.
[14] *Id.* at 12–13.
[15] *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned").
[16] R. Doc. 32 at 12.
[17] *Id.* at 13.
[18] R. Doc. 33.
[19] R. Doc. 32.
[20] R. Doc. 33.

seal.[21] The Court denied both motions and extended Plaintiff's deadline to amended his complaint to May 17, 2019.[22]

On May 15, 2019, Plaintiff filed a motion to recuse.[23] On May 23, 2019, the Court denied his motion to recuse and held a status conference with the parties.[24] Plaintiff was present and represented himself.[25] The Court granted Plaintiff a second extension, moving his deadline to file an amended complaint to May 30, 2019.[26]

On May 29, 2019, Plaintiff filed a notice of appeal.[27] On June 4, 2019, the Court issued an Order and Reasons clarifying that there had been no final judgment in this case.[28] The Court granted Plaintiff a third extension, extending his deadline to amend his complaint to June 11, 2019.[29] The Court stated, if Plaintiff did not amend, it would dismiss his complaint with prejudice.[30]

On June 12, 2019, Plaintiff moved for an extension of time to amend his complaint.[31] The Court granted a fourth extension, giving Plaintiff until June 27, 2019 to amend.[32] Plaintiff did not file an amended complaint by June 27, 2019. On June 28, 2019, the Court held a status conference, at which the Court extended Plaintiff's deadline to amend his complaint for a fifth time, to July 1, 2019 at 5:00 p.m.[33] The Court informed Plaintiff that failure to amend would result in his claims being dismissed with prejudice.[34]

---

[21] R. Doc. 34.
[22] *Id.*
[23] R. Doc. 35.
[24] R. Doc. 39.
[25] *Id.*
[26] *Id.*
[27] R. Doc. 41.
[28] R. Doc. 44. The appeal was dismissed on June 24, 2019. R. Doc. 47.
[29] *Id.*
[30] *Id.*
[31] R. Doc. 45.
[32] R. Doc. 46.
[33] R. Doc. 50.
[34] *Id.*

On July 1, 2019, Plaintiff filed a document entitled "Amended Complaint/Ex Parte Motion to Appoint Attorney."[35] He did not amend his complaint, but rather moved for appointment of an attorney.

The Court denied Plaintiff's motion to appoint an attorney because there is no right to counsel in a civil case, and Plaintiff has not alleged meritorious claims. Further, because the Court granted Plaintiff five extensions, Plaintiff never amended his complaint, and for reasons set forth in the Court's Order and Reasons of April 29, 2019,[36] the Court dismissed Plaintiff's claims with prejudice.[37] In the motion for reconsideration now before the Court, Plaintiff asks the court to amend its July 1st judgment, reinstate the case, and appoint counsel to Plaintiff.[38]

## **LEGAL STANDARD**

A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[39] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[40] "The Court is

---

[35] R. Doc. 49.
[36] R. Doc. 32.
[37] R. Doc. 51.
[38] R. Doc. 53. Plaintiff did not explicitly state he wanted the Court to reconsider the dismissal of his case, but to appoint counsel, the Court also would have to reinstate the case. As a result, the Court will construe Plaintiff's motion to ask for reconsideration of both the dismissal and the decision to deny appointing counsel.
[39] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted). Plaintiff does not state his motion is filed pursuant to Rule 59(e), but it is the only applicable rule in this case because Plaintiff is requesting the Court "alter" its decision, as stated in Federal Rule of Civil Procedure 59(e). He is not asking for mere "relief" for a judgment as stated in Federal Rule of Civil Procedure 60.
[40] *Lacoste v. Pilgrim Int'l*, No. 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (Vance, J.) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).

mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"[41] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[42]

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;

(2) whether the movant presents new evidence;

(3) whether the motion is necessary in order to prevent manifest injustice; and

(4) whether the motion is justified by an intervening change in the controlling law.[43]

Plaintiff does not present any new evidence or argue reconsideration "is justified by an intervening change in the controlling law."[44] Accordingly, Plaintiff can only demonstrate reconsideration is appropriate because it is necessary to (1) correct manifest errors of law or fact or (2) prevent manifest injustice.[45]

## **LAW AND ANALYSIS**

"There is no right to appointed counsel in civil cases, and [courts] do not appoint counsel unless the case presents extraordinary circumstances warranting an

---

[41] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (alteration in original) (quoting *Templet,* 367 F.3d at 479).
[42] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012) (Brown, J.).
[43] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot*, 2012 WL 711842, at *2.
[44] *Castrillo*, 2010 WL 1424398, at *4.
[45] *Id.*

appointment."[46] Under 28 U.S.C. § 1915(e)(1), the decision to appoint counsel is entirely within the court's discretion.[47] In making this decision, the court should consider "the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence."[48]

In this case, Plaintiff has not shown his civil case is so "extraordinary" as to warrant appointment of counsel, especially on a motion to reconsider under the demanding burden of Rule 59(e). Plaintiff makes two substantive points in support of his motion for reconsideration. First, he argues his case is so complex it warrants the appointment of counsel.[49] Second, he argues he deserves court appointed counsel because he suffers a learning disability and is not competent to represent himself.[50] Neither of these arguments proves successful.

Every civil lawsuit is in some ways complex, but not every lawsuit warrants court appointed counsel. It is only those *extraordinarily* complex cases that require such extraordinary measures.[51] Plaintiff has alleged nothing, and there is nothing, about this case that makes it especially complex. In fact, courts have previously denied appointing counsel in exactly these types of cases.[52]

---

[46] *Hudson v. Univ. of Tex. Med. Branch*, 441 F. App'x 291, 293 (5th Cir. 2011).
[47] *Marquez v. Woody*, 440 F. App'x 318, 326 (5th Cir. 2011).
[48] *Id.*
[49] R. Doc. at 2.
[50] *Id.*
[51] *Hudson*, 441 F. App'x at 293.
[52] *See, e.g.*, *Quinn v. Deutsche Bank Nat. Tr. Co.*, 625 F. App'x 937 (11th Cir. 2015) (holding the District Court did not abuse its discretion by refusing to appoint counsel to represent mortgagor in mortgagor's Fair Debt Collection Practices Act action against mortgagee); *Lamb v. Packard Elec. Co.*, No. CIV. 90-4760, 1990 WL 204386, at *1 (E.D. Pa. Dec. 11, 1990) (refusing to appoint counsel to plaintiff in a civil RICO case).

Moreover, Plaintiff has not demonstrated he is in particular need of counsel based on his own inabilities. To the contrary, Plaintiff has been litigating against these Defendants for almost four years and has shown no obvious inability to argue his case.[53]

Lastly, Plaintiff has not shown his case warrants the highly unusual remedy of reconsideration under Rule 59(e). Plaintiff has not shown there is any underlying error of law of fact—after five extensions, he still has not amended his complaint so as to state a claim upon which relief may be granted.[54] And for similar reasons he has not demonstrated any "manifest injustice" resulting from the Court's judgment.

## CONCLUSION

For the forgoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration[55] is **DENIED**.

**New Orleans, Louisiana, this 19th day of August, 2019.**

                                            **SUSIE MORGAN**
                                **UNITED STATES DISTRICT JUDGE**

---

[53] R. Doc. 1.
[54] R. Doc. 51.
[55] R. Doc. 53.